**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK MICHAEL O'NEILL,

        Petitioner - Appellant,

v.

LOUIS E. BRUCE, Warden,
Hutchinson Correctional Facility;
Attorney General of Kansas,

        Respondents - Appellees.

No. 06-3401

D. Kan.

(D.C. No. 06-CV-3062-JWL)

---

**ORDER DENYING APPLICATION FOR
CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Patrick M. O'Neill (O'Neill) pled no contest to one count of sexual intercourse with a child under the age of 14 pursuant to Kan. Stat. Ann. § 21-3502. He was eventually sentenced to 155 months imprisonment. Subsequently, he filed motions attempting to withdraw his plea based on, *inter alia*, ineffective assistance of counsel and newly discovered evidence. O'Neill exhausted his claims at the state court level; the trial court's well-reasoned decisions were upheld by the Kansas Court of Appeals on two separate occasions.

O'Neill, appearing pro se,[1] brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus on March 1, 2006. The district court accurately summarized the numerous claims made by O'Neill: 1) ineffective assistance of counsel; 2) error by the trial court in denying his motion to withdraw his no contest plea; 3) withholding exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and 4) violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996).

O'Neill's habeas petition was denied in district court as was his application for certificate of appealability (COA). He also moved for appointment of counsel and to proceed *in forma pauperis* (*ifp*). The district court found "no basis to appoint counsel in this matter" but granted O'Neill *ifp* status pursuant to Rule 9.1(g) of the United States Court for the District of Kansas. (R. Doc. 28 at 2.)

O'Neill renews his application for COA in this Court. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if O'Neill makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues

---

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).

The district court reviewed O'Neill's ineffective assistance of counsel claim against the two-prong test set out in *Strickland v. Washington*, 466 U.S. 688 (1984) and found no error. After thorough analysis it also rejected his claims regarding his motion to withdraw his guilty plea, concluding portions related solely to state law, while the remainder were without merit. His *Brady* claim was not supported by the record and the *Miranda* claim was procedurally barred.

We have reviewed O'Neill's arguments and we agree with the district court: "the evidence clearly establishes Mr. O'Neill is entitled to no relief." (R. Doc. 18 at 1.) We **DENY** O'Neill's application for a COA and **DISMISS** the appeal. O'Neill's letter to this Court requesting counsel is construed as a motion for appointment of counsel and is **DENIED** as moot.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge